**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JOHN WALDO
JONES,

            Petitioner,

    v.                                      CASE NO. 10-3120-SAC

SAM CLINE,

            Respondent.

**O R D E R**

This petition for writ of habeas corpus was filed, citing to 28 U.S.C. § 2241, by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Petitioner has also filed two motions for leave to proceed in forma pauperis (Docs. 2 & 3), which the court finds should be granted based upon the current balance in his inmate account. Having examined the petition, the court finds as follows.

The following factual background is judicially noticed from the federal habeas corpus petition previously filed by Mr. Jones in <u>Jones v. Cline</u>, Case No. 09-3202-RDR (Doc. 1). In 1978, Mr. Jones was convicted in Reno County District Court (of Indecent Liberties With a Child) and sentenced to a term of 4-20 years. In 1983, apparently while on parole, he was convicted in Reno County (of attempted rape and aggravated burglary) and sentenced to two consecutive terms of 15 to 30 years, or 30 to 60 years. Kansas Department of Corrections offender records available on-line (KASPER) indicate the specific offenses of which he was convicted in these two cases and that they are both currently "active".[1]

Mr. Jones asserts that he is presently being held illegally and

---

[1] Mr. Jones was also released on parole in July 2004. However, he was arrested for violating conditional release and returned to custody.

that his federal constitutional rights are being violated. He generally refers to "motion attacking illegal sentences imposed on him in Case No. 78 CR 35 and 83 CR 171," and claims he is incarcerated "on two cases that the court had no jurisdiction to impose any sentences." He makes the conclusory statement that he has a right to habeas corpus relief "in this criminal actions (sic) where proceeding, information, or indictment or sentencing are void so that court acquired no jurisdiction." With respect to Case No. 78 CR 35, he more specifically alleges that he was sentenced on May 5, 1978, in that case "under K.S.A. 21-3503, making this an illegal sentence" because "the court was without jurisdiction to sentence the petitioner." He additionally alleges that he "was in custody" from Jan. 21, 1978 to May 5, 1978 "without a hearing or a preliminary examination for 104 days." With respect to Case No. 83 CR 171, he specifically alleges "there is no record of the petitioner every being sentenced," and "the criminal appearance docket shows that the petitioner was never sentenced".[2]

What factual basis petitioner may have, if any, to support his claims for habeas corpus relief is not at all clear from these allegations. However, it is clear that he seeks to challenge his state convictions. Accordingly, the court finds that this action must be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Having screened the pro se petition, the court finds several reasons why it must be dismissed.

First, petitioner may not challenge two distinct state criminal

---

[2] However, the copy of the "Criminal Appearance Docket" from Case 83 CR 171 exhibited by Mr. Jones includes the following entry: "9/16/83 . . . J.E. of sentencing filed and recorded 83-3". KASPER records indicate Mr. Jones was sentenced in this case on September 2, 1983.

2

convictions in a single federal habeas corpus petition. Moreover, he has not complied with the local rule requiring that § 2254 petitions be submitted on forms provided by the court. Thus, in order to properly present challenges to his 1978 conviction, petitioner must submit a petition for writ of habeas corpus on forms for filing a petition under § 2254. Then, to challenge his 1983 conviction, he must submit a § 2254 petition on court-provided forms, and it must be submitted as a separate action. He must answer all questions on each set of § 2254 forms to the best of his ability, and as to each separate conviction.

Second, petitioner fails to show that he has exhausted state court remedies on any of his claims. It is well-settled that before a state prisoner may seek habeas corpus relief in federal court, he must have properly and fully presented all his claims to the courts of the state. See 28 U.S.C. 2254(a). If Mr. Jones completes the court-provided forms he will be required to answer questions regarding exhaustion.

Third, it appears likely from the face of the instant petition, that any challenges Mr. Jones has to either his 1978 or his 1983 convictions are time-barred. The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

Id. This statute did not become effective until April 24, 1996, while petitioner's convictions clearly became "final" years before

3

that date. It is well-settled that for a state prisoner whose conviction became final prior to April 24, 1996, the one-year statute of limitations began to run on April 24, 1996. Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). Thus, the one-year limitations period, within in which Mr. Jones was required to file a federal habeas corpus petition challenging either his 1978 or his 1983 convictions and/or sentences, started on April 24, 1996. Unless petitioner can demonstrate that he is entitled to statutory or equitable tolling, the limitations period expired a year later on April 24, 1997. When Mr. Jones completes the court-provided forms he will be required to answer questions regarding the timeliness of his petition and must take that opportunity to state any facts showing he is entitled to tolling of the limitations period.

Even if Mr. Jones can clear the foregoing hurdles, it appears that he has filed prior petitions challenging his 1983 and his 1978 convictions[3]. If that is the case, the instant petition is subject to being dismissed as "second and successive". Under 28 U.S.C. § 2244(b)(3)(A), a second or successive habeas corpus petition may be filed in the federal district court only if the applicant first

---

[3] In Jones v. Roberts, Case No. 89-3207 (Apr. 4, 1991), Mr. Jones explicitly challenged his 1983 conviction on several grounds. This petition was denied, and the denial was affirmed by the Tenth Circuit on November 27, 1991. In Jones v. Nelson, Case No. 98-3032 (June 11, 1998), Mr. Jones claimed his confinement was illegal because he has served his sentence in 78-CR-35, and error in his sentencing under state law. Thus, it appears that he has filed prior § 2254 petitions challenging both his 1983 and 1978 convictions or sentences, that have been denied. See also, Jones v. Lyle, Case No. 96-3369 (Jan. 30, 1997)(dismissed without prejudice to allow petitioner to seek authorization to file petition in district court); Jones v. Lyle, Case No. 97-3116 (June 19, 1997)(action filed pursuant to 42 U.S.C. § 1983 seeking damages on claim that defendants failed to correct illegal sentence dismissed, with court noting that petitioner's "application for leave to file a second petition pursuant to 28 U.S.C. § 2254 was denied by the United States Court of Appeals"). However, many of Mr. Jones' prior cases are so old that the actual documents are not available on-line. If petitioner disagrees that he has filed a prior habeas corpus petition challenging his 1978 conviction, he must notify the court in response to this Order.

obtains an order from the appropriate federal court of appeals authorizing the district court to consider the petition. Id. There is no indication in the materials filed herein that petitioner has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit. As a result, this court lacks jurisdiction to address the merits of any § 2254 claim asserted in the Petition. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).

This district court may transfer this action pursuant to 28 U.S.C. § 1631[4] to the Tenth Circuit for prior authorization if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction. In re Cline, 531 F.3d at 1252. However, the court finds that the interest of justice would not be served by transfer of the instant action to the Tenth Circuit Court of Appeals, and that it should be dismissed instead. See U.S. v. Espinoza-Saenz, 235 F.3d 501, 504 (10th Cir. 2000). The facts showing this case is time-barred lead the court to conclude that transfer of this action would raise "false hopes," and waste judicial resources on a case that is "clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).

Having found that this action is subject to being dismissed for several reasons, the court also finds that petitioner is not entitled to appointment of counsel at this time.

---

[4] Section 1631 provides in relevant part:

> Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed. . . .

Id.

**IT IS THEREFORE ORDERED** that petitioner's motions to proceed in forma pauperis (Docs. 2,3) are granted, and petitioner's Motion to Appoint Counsel (Doc. 4) is denied.

**IT IS FURTHER ORDERED** that petitioner is given thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein.

The clerk is directed to send two sets of § 2254 forms to Mr. Jones.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge